# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DAVID ELIJAH BOWERS, JR.,**

      Petitioner,

      -vs-                                           Case No. 14-C-620

**WILLIAM POLLARD,**
**Warden, Waupun Correctional Institution,**

      Respondent.

# DECISION AND ORDER

In this habeas corpus proceeding, pro se Petitioner David Elijah Bowers, Jr. ("Bowers") challenges his custody under an extended-supervision revocation decision approved by the Milwaukee County Circuit Court. This matter is before the Court on Respondent William Pollard's ("Pollard") motion to dismiss Bowers' petition with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C.§ 2244(d)(1).

Pollard states two reasons[1] for dismissal: (1) the petition is an unauthorized second or successive petition and (2) the petition is untimely.

---

[1] In his motion and supporting memorandum Pollard argued that the Court lacked jurisdiction because Bowers had finished serving the sentence underlying this habeas corpus proceeding and, therefore, was no longer in custody for purposes of 28 U.S.C. § 2254. (*See* ECF No. 15, at 1, 6-9.) In his reply brief Pollard withdrew that contention because he concluded, upon further review of relevant documents and case law, that Bowers remains "in custody" for purposes of habeas corpus jurisdiction. (*See* ECF No. 20, at 2.)

Pollard's motion is supported by 160 pages of exhibits. (ECF No. 15-2.) In opposing the motion to dismiss, Bowers has filed his affidavit with three pages of exhibits attached. (ECF Nos. 18, 18-1, 18-2.)

Because he has submitted materials outside the pleadings, Pollard's motion includes the statement required by Civil Local Rules 12 and 56(a). A court considering a Rule 12(6) motion may take judicial notice of matters in the public record.[2] *See Papasan v. Allain,* 478 U.S. 265, 283 (1986); *Menominee Indian Tribe of Wis. v. Thompson,* 161 F.3d 449, 456 (7th Cir. 1998); *Pugh v. Tribune Co.,* 521 F.3d 686, 691 n.2 (7th Cir. 2008); *Palay v. United States*, 349 F.3d 418, 425 n. 5 (7th Cir. 2003). *See also, Hardaway v. CIT Group/Consumer Fin. Inc.*, 836 F. Supp. 2d 677, 686 (N.D. Ill. 2011) (taking judicial notice of "documents available to the public via the Cook County Recorder of Deeds website").

Two Wisconsin Department of Corrections ("DOC") documents, Pollard Ex. 2 at 47 and 48 and Bowers Ex. 2,[3] have no relevance to

---

[2] In order for a fact to be subject to judicial notice, Federal Rule of Evidence 201 provides that the fact must be one "not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Courts strictly adhere to these criteria because "the effect of taking judicial notice under Rule 201 is to preclude a party from introducing contrary evidence and, in effect, directing a verdict against him as to the fact noticed." *Gen. Elec. Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074, 1083 (7th Cir.1997) (citation omitted).

[3] Pollard Ex. 2 at 47 and Bowers Ex. 2 are copies of the same document.

whether Bowers' petition is successive and have been excluded. The remaining exhibits include court dockets, decisions, and the parties' briefs, and are documents of which the Court takes judicial notice. *See id.*

Bowers challenges Pollard's motion, asserting that the Court's order directed Pollard to file an answer. (*See* ECF No. 6.) However, Pollard's contention that Bowers' petition is successive raises the issue of this Court's subject matter jurisdiction, which would provide an independent basis for sua sponte dismissal of the instant petition. *See Nunez v. United States,* 96 F.3d 990, 991 (7th Cir. 1996) ("[f]rom the district court's perspective, [§ 2244(b)] is an allocation of subject-matter jurisdiction to the court of appeals. A district court must dismiss a second or successive petition . . . unless the court of appeals has given approval for its filing.") Thus, the Court needs to address only the successive motion issue.

A "prisoner is entitled to one clean shot at establishing his entitlement to relief in a federal habeas corpus proceeding." *Pavlovsky v. VanNatta,* 431 F.3d 1063, 1064 (7th Cir. 2005). "Once he has gotten that, basic principles of preclusion now applicable to habeas corpus as to conventional civil proceedings bar him from relitigating his case." *Id.* Thus, "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application

shall be dismissed." 28 U.S.C. § 2244(b)(1). Under § 2244(b)(3), this Court has no jurisdiction to hear a second or successive habeas petition without authorization from the Seventh Circuit Court of Appeals. *Burton v. Stewart,* 549 U.S. 147, 152-53 (2007).

Not all subsequent petitions, however, are considered to be "second or successive." *See Panetti v. Quarterman,* 551 U.S. 930, 944 (2007) ("The Court has declined to interpret 'second or successive' as referring to all § 2254 applications filed second or successively in time, even when the later filings address a state-court judgment already challenged in a prior § 2254 application"). Rather, "in order for a habeas petition to be considered successive, the previous motion must have been denied on the merits." *Garrett v. United States,* 178 F.3d 940, 942 (7th Cir. 1999). The following facts provide context and background for Pollard's contention that Bowers has filed a successive petition.

In April 2001, the Milwaukee County Circuit Court sentenced Bowers to seven years of imprisonment consisting of 15 months of initial confinement followed by five years and nine months of extended supervision. (Pollard Ex. 2 at 28 (Case No. 2001CF136).) Bowers did not pursue a direct appeal of his judgment of conviction. (ECF No. 2-2, ¶ 2.)

Bowers' extended supervision was revoked. (Pollard Ex. 2 at 40.) In

January 2006, the circuit court ordered him reconfined for one year, six months, and nine days. (ECF No. 2-2, ¶ 3; Pollard Ex. 2 at 2 (event 32), 41.) Bowers moved for a new reconfinement hearing, which was held in July 2007. The circuit court again ordered Bowers reconfined for one year, six months, and nine days. (ECF No. 2-2, ¶ 3; Pollard Ex. 2 at 4 (event 53), 42.) "Because that reconfinement time had already been served, Bowers was released on extended supervision." (ECF No. 2-2, ¶ 3.) Bowers did not appeal the reconfinement order. (*Id.*)

The DOC requested revocation of Bowers' extended supervision (ECF No. 2-2, ¶ 4), and "on October 28, 2008, the trial court conducted a reconfinement hearing and ordered Bowers reconfined for two years, nine months, and fourteen days" (*Id.*; Pollard Ex. 2 at 5-6 (event 68), 45). Although Bowers filed notices of intent to pursue postconviction relief (ECF No. 2-2, ¶ 4; Pollard Ex. 2 at 6 (events 73, 76)), he did not effectuate an appeal (ECF No. 2-2, ¶ 4).

In July 2010, Bowers filed a petition for a writ of habeas corpus in the United States District Court for the Western District of Wisconsin. (Pollard Ex. 2 at 49-55 (Case No. 10-C-396-bbc).) In his response, which the district court treated as an amendment to the petition (Pollard Ex. 2 at 60-61, 62), Bowers alleged that because he had already finished serving his

sentence in Case No. 2001CF136, the Milwaukee County Circuit Court lacked jurisdiction in October 2008 to revoke his extended supervision and order him reconfined for two years, nine months, and fourteen days. (Pollard Ex. 2 at 60.) The district court dismissed the petition because Bowers had "fail[ed] to fairly present his claim to the Wisconsin [Court of Appeals]." (Pollard Ex. 2 at 115.)

In August 2011, Bowers filed a motion for postconviction relief in Milwaukee County Circuit Court. (ECF No. 2-2, ¶ 5; Pollard Ex. 2 at 6 (event 79)). He alleged "that the October 28, 2008 reconfinement order violated Bowers's equal protection rights and improperly subjected him to double jeopardy." (ECF No. 2-2, ¶ 5.) A few days later, the circuit court denied the motion (*Id.*; Pollard Ex. 2 at 6 (event 81).) Bowers filed a motion for reconsideration (ECF No. 2-2, ¶ 6; Pollard Ex. 2 at 6 (event 82)), which was denied by the circuit court (ECF No. 2-2, ¶ 6; Pollard Ex. 2 at 7 (event 87)). Bowers filed a notice of appeal in the circuit court. (Pollard Ex. 2 at 7 (event 85), 19.) The notice commenced Appeal No. 2011AP2100, but Bowers did not file an appellate brief, and the appeal was dismissed in March 2012. (ECF No. 2-2, ¶ 7; Pollard Ex. at 20.)

Following a series of post-conviction collateral-challenge motions filed in the circuit court (ECF No. 2-2, ¶¶ 8-11), Bowers filed Appeal No.

2012AP2559, appealing two orders issued in November 2012 (ECF No. 2-2 ¶ 12; Pollard Ex. 2 at 25). The Wisconsin Court of Appeals denied Bowers' appeal in October 2013, and the Wisconsin Supreme Court denied his petition for review in February 2014.

In January 2013, Bowers filed a second petition for a writ of habeas corpus in the United States District Court for the Western District of Wisconsin. (Pollard Ex. 2 at 117-24 (Case No. 13-cv-63-bbc).) Bowers argued that because he had already finished serving his sentence in No. 2001CF136, the Milwaukee County Circuit Court violated the federal constitutional prohibition on double jeopardy in October 2008 when it revoked his extended supervision and ordered him reconfined for two years, nine months, and fourteen days. (*Id.* at 121, 139.) The district court treated the petition as a second or successive habeas corpus petition (*id.* at 157-58) and dismissed it because Bowers had "fail[ed] to obtain the authorization required by 28 U.S.C. § 2244(b)(3)(A)" (*Id.* at 159).

In May 2014, Bowers filed a petition for a writ of habeas corpus in this Court. (Pet.) (ECF No. 1.) Bowers denied having "previously filed any type of petition, application, or motion in a federal court." (*Id.* at 9.) However, as grounds for relief Bowers alleges that in Case No. 2001CF136 the Milwaukee County Circuit Court lacked jurisdiction in October 2008

when it revoked his extended supervision and ordered him reconfined for two years, nine months, and fourteen days (*id.* at 6), and that the revocation and reconfinement violated the federal constitutional prohibition on double jeopardy (*id.* at 7). This is clearly Bowers' third petition challenging the same conviction on the same grounds.

Bowers asserts that his petition is not successive, citing *Magwood v. Patterson,* 561 U.S. 320 (2010), and indicating that his case has not been reviewed on the merits following the Wisconsin courts' decisions on Appeal No. 2012AP2259. *Magwood* holds that when a writ of habeas corpus is issued setting aside a sentence as invalid and a new sentence is then imposed, the clock and the count are reset so that an attack may be waged against the new sentence even if the same legal grounds could have been argued against the original sentence. Neither court action in the 2012AP2259 appeal involved imposition of a new judgment. Thus, *Magwood* does not alter this Court's determination that the instant petition is Bowers' second successive petition.

Pursuant to 28 U.S.C. § 2244, successive petitions require the approval of the appropriate court of appeals. *See Curry v. United States,* 507 F.3d 603, 604 (7th Cir. 2007); *Nunez,* 96 F.3d at 991. *See also,* Rule 9 of the Rules Governing Section 2254 Cases in the United States District

Courts. Circuit Rule 22.2 establishes procedures for the approval mechanism. A copy of that rule is attached to this decision.

Pursuant to *Nunez,* this Court dismisses the instant petition for lack of jurisdiction. This decision will be the second explaining what Bowers must do to seek habeas corpus relief. Bowers has not obtained permission from the Court of Appeals to file a successive petition, implicitly declining to follow the appropriate procedure for habeas relief. Instead, he persists in filing motions he has been told the courts may not consider unless directed to do so by the Court of Appeals.

Bowers' successive petitions seeking habeas relief in this District and the Western District are frivolous. Bowers is advised that pursuant to Fed. R. Civ. P. 11, the Court may, as a penalty for contempt of court and as part of its inherent power to control proceedings, impose sanctions upon litigants who file repeated and frivolous motions. *See Smith v. Gilmore,* 111 F.3d 55, 56 (7th Cir. 1997); *Alexander v. United States,* 121 F.3d 312, 315 (7th Cir. 1997). While the Court is empowered to impose monetary sanctions, *Montgomery v. Davis,* 362 F.3d 956, 957 (7th Cir. 2004), it will not exercise that authority at this juncture. The Court, however, will direct the Clerk of Court to send a copy of this decision and order to the Clerk of Court for the Western District of Wisconsin.

**Certificate of Appeal**

The United States Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appeal] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Here, it is clear that Bowers' § 2254 petition is second or successive and was filed without prior certification by the court of appeals. That fact would not allow any reasonable jurist to conclude that the Court has erred in dismissing the motion because it has no jurisdiction to entertain the case. Therefore, a certificate of appealability is denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Bowers' petition (ECF No. 1) is **DISMISSED** for lack of subject

matter jurisdiction.

The Court **DECLINES TO ISSUE** a certificate of appealability.

The Clerk of Court is **DIRECTED** to enter judgment accordingly.

The Clerk of Court is **DIRECTED** to send a copy of this decision and order to the Clerk of Court for the Western District of Wisconsin.

Dated at Milwaukee, Wisconsin, this 24th day of March, 2014.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**

**Circuit Rule 22.2. Successive Petitions for Collateral Review**

(a) A request under 28 U.S.C. §2244(b) or the final paragraph of 28 U.S.C. §2255 for leave to file a second or successive petition must include the following information and attachments, in this order:

(1) A disclosure statement, if required by Circuit Rule 26.1.

(2) A short narrative statement of all claims the person wishes to present for decision. This statement must disclose whether any of these claims has been presented previously to any state or federal court and, if it was, how each court to which it was presented resolved it. If the claim has not previously been presented to a federal court, the applicant must state either:

(A) That the claim depends on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or

(B) That the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and that the facts, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the applicant guilty of the crime, had there been no constitutional error.

(3) A short narrative statement explaining how the person proposes to establish the requirements mentioned above. An applicant who relies on a new rule of constitutional law must identify the new rule, the case that establishes that rule, and the decision of the Supreme Court that holds this new rule applicable to cases on collateral review.

(4) Copies of all opinions rendered by any state or federal court previously rendered in the criminal prosecution, any appeal, and any collateral attack.

(5) Copies of all prior petitions or motions for collateral review.

(b) A copy of the application, together with all attachments, must be served on the attorney for the appropriate government agency at the same time as the application is filed with the court. The application must include a certificate stating who was served, by what means, and when. If the application is made by a prisoner who is not represented by counsel, filing and service may be made under the terms of Fed. R. App. P. 4(c).

(c) Except in capital cases in which execution is imminent, the attorney for the custodian (in state cases) or the United States Attorney (in federal cases) may file a response within 14 days. When an execution is imminent, the court will not wait for a

response. A response must include copies of any petitions or opinions that the applicant omitted from the papers.

(d) The applicant may file a reply memorandum within 14 days of the response, after which the request will be submitted to a panel of the court for decision.

(e) An applicant's failure to supply the information and documents required by this rule will lead the court to dismiss the application, but without prejudice to its renewal in proper form.